IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>JESUS TAFOLLA-BRINA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER NOTIFYING PETITIONER HIS PRO SE MOTION WILL BE CONSTRUED AS A MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. § 2255, IF NOT WITHDRAWN; SETTING RESPONSE TIME; AND ORDERING MAILING OF INFORMATION<br><br><br><br><br><br>Case No. 1:06-CR-106 TS |

This matter is before the Court on Defendant's *pro se* document styled "Appeal Pursuant to Rule 60-B(4)" (the Motion). In his Motion, Defendant seeks a determination from this Court that his sentence is void for the following reasons: lack of jurisdiction over the Indictment and plea; ineffective assistance of counsel; and improper venue. Among other things, he asserts that the federal habeas statutes, 28 U.S.C. § 2241 and § 2255, are

1

nullities, unconstitutional on their face, and void.  Defendant also sent a document styled "Order to Show Cause."  This last document was lodged in the case as it is not possible for a party to file orders.[1]

In construing a motion filed in a criminal case which requests relief as outlined in 28 U.S.C. § 2255, the Court is required to make Defendant "aware of the risk associated with recharacterization" as a § 2255 motion, and obtain Defendant's assent or, the court must "conclude[] that the [defendant's] motion can only be considered under § 2255 and offer[] the movant the opportunity to withdraw the motion rather than have it so recharacterized."[2] Defendant must be given an "opportunity to contest the recharacterization, or to withdraw or amend the motion."[3]

Having considered the document and the relief requested therein – relief expressly covered by § 2255 – the Court hereby notifies Defendant that his Motion can only be considered as a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  Because it expressly seeks a ruling by this Court, his Motion cannot be construed as an appeal.  Further, the time for filing a direct appeal expired prior to the filing of the present Motion.  Defendant will be granted until October 30, 2008, to withdraw the Motion rather than have it recharacterized.

---

[1] Docket No. 22 (lodged document).

[2] *United States v. Nelson*, 463 F.3d 1145, 1149 (10th Cir. 2006).

[3] *Castro v. United States*, 540 U.S. 375, 381 (2003).

Defendant is cautioned that the recharacterization of his Motion as one under § 2255 would likely prevent the filing of a successive petition under the provisions of § 2255(h).[4]  Defendant is further cautioned that the time for filing a new § 2255 Motion expired one year after his May 16, 2007 judgment and commitment.[5]   Therefore, if Defendant withdraws his motion, he may not be able to timely file a new § 2255 Motion.

The Court will grant Petitioner until October 30, 2008, to file one of the following: (1) a § 2255 motion using the official form that will be mailed to him; (2) an objection to the Court's recharacterization of his Motion as a § 2255 motion; or (3) a request to withdraw the Motion.  If Defendant objects to the recharacterization, the Court will rule on the characterization issue based on such objection without further briefing.  If Defendant files a § 2255 Motion using the official form he may also file a supporting memorandum.

Based upon the above, it is hereby

ORDERED that Petitioner shall have until October 30, 2008, to file (1) a § 2255 motion set forth in the official form that will be mailed to him; (2) an objection to the Court's recharacterization of his Motion as a § 2255 motion; or (3) a request to withdraw his Motion.  It is further

---

[4] 28 U.S.C. § 2255(h) (requiring court of appeals certification for second or successive motions under § 2255) and Rule 9, Rules Governing Section 2255 Proceedings for the United States District Courts (requiring Defendant to obtain an order from the appropriate court of appeals prior to filing a second or successive motion under § 2255).

[5] 28 U.S.C. § 2255(f) (imposing one-year statute of limitations for filing § 2255 motions).

ORDERED that the Clerk of Court mail a § 2255 pleading packet to Petitioner at the address listed on his Motion.  If Petitioner chooses to utilize this packet, the Motion shall also be filed by October 30, 2008.

DATED this 15th day of September, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge