IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JESUS TAFOLLA-BIANA,<br><br>Defendant. | MEMORANDUM DECISION DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE<br><br><br><br>Case No. 1:06-CR-106 TS |

Defendant filed a Motion for Reconsideration Pursuant to 18 U.S.C. § 3582(c)(2). The Motion seeks a reduction of Defendant's sentence under the "sentencing commission decision on amendments" effective "November 1, 2007."[1] The government has not filed a response.

Defendant pleaded guilty to one count of Aggravated Identity Theft under 18 U.S.C. § 1028A and one count of Unauthorized Reentry of a Previously Removed Alien under U.S.C. § 1326(a) and (b). On May 10, 2007, the Court sentenced Defendant to 48 months and 24 months (24 months for each count to run consecutive to each other), in the custody

---

[1]Docket No. 26.

of the Bureau of Prisons and 36 months of supervised release.  Judgment was entered on May 16, 2007.  On May 9, 2009, Defendant filed an untimely notice of appeal and attempted to file an order to show cause.[2]  For the reasons stated in its Memorandum Decision dated September 15, 2008, the Court construed the Notice of Appeal as a Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.[3]  The Court granted Defendant thirty days to do one of the following: (1) re-file the Motion using the appropriate form for a §2255 motion; (2) object to the re-characterization of the Motion as one under § 2255 motion; or (3) withdraw the motion.[4]  Defendant did none of those things.  Instead, he filed the present Motion, raising an entirely new theory for a sentence reduction.  Defendant is proceeding pro se and, therefore, the Court construes his pleading liberally.

Defendant relies on the Amendments to the Crack Cocaine cases, effective November 1, 2007.[5]  The offenses in the instant case do not involve crack cocaine. Nonetheless, Defendant argues that under the United States Supreme Court's case *United States v. Booker*[6] (holding that the sentencing guidelines are no longer mandatory) and the application of the factors set forth in 18 U.S.C. § 3553(a), the Court may reduce his

---

[2] Lodged at Docket No. 22.

[3] Docket No. 25 at 2-3

[4] *Id.*

[5] Docket No. 26 at 1.

[6] 543 U.S. 220 (2005).

sentence if such reduction is consistent with the policy statements issued by the sentencing commission.

He relies on § 3582(c)(2), which provides: "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered *by the Sentencing Commission* . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[7]

Defendant's claim is foreclosed by Tenth Circuit case law holding that "§ 3582(c)(2) motions may not be employed to present *Booker* claims, as '§ 3582(c)(2) only expressly allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the [sentencing] range.'"[8]

Further, the sentencing guidelines provide that in applying their new amendments:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court . . . shall substitute *only* the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced *and shall leave all other guideline application decisions unaffected*.[9]

---

[7] 18 U.S.C. § 3582(c)(2) (emphasis added).

[8] *United States v. Herrera*, 291 Fed. Appx. 886, 891 (10th Cir. 2008) (quoting *United States v. Price*, 438 F.3d 1005, 1007 & n. 2 (10th Cir. 2006)).

[9] U.S.S.G. § 1B1.10(b) (Nov. 1, 2007) (emphasis added).

Defendant does not show how his sentence can be affected by one of the amendments listed in subsection (c) of U.S.S.G. § 1B1.10.  As explained in the Application Note of subsection (a) of § 1B1.10: "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (c) is applicable to the defendant . . ."  Because Defendant does not rely on a sentencing guideline amendment made retroactive, because the retroactive crack cocaine amendments have no application to his case, and because § 3582(c)(2) cannot be used to raise a *Booker* argument, Defendant is ineligible for relief under § 3582(c)(2).

It is therefore

ORDERED that Defendant's Motion for Reconsideration Pursuant to Title 18 U.S.C. § 3582(c)(2) (Docket No. 26) is DENIED.

DATED this 11th day of May 2009.

BY THE COURT:

_____
Ted Stewart
United States District Judge